IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:05-CR-29-BO-2
No. 7:17-CV-160-BO

| | | |
|---|---|---|
| MICHAEL WAYNE CASTEEN, | ) | |
| Petitioner, | ) | |
| | ) | O R D E R |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [DE 84]. The government has moved to dismiss the petition. [DE 89]. The matter is ripe for disposition. For the reasons discussed below, the government's motion to dismiss is GRANTED and petitioner's motion is dismissed.

## BACKGROUND

In August 2005, petitioner pleaded guilty, pursuant to a written plea agreement, to (1) armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d) and to (2) brandishing a firearm in relation to a crime of violence and aiding and abetting in violation of 18 U.S.C. § 924(c). [DE 28]. Petitioner was sentenced to a total of 130 months' imprisonment. [DE 34]. Petitioner did not appeal.

In November 2015, petitioner's supervised release was revoked and he was sentenced to 60 months' imprisonment. [DE 62]. Petitioner appealed his revocation sentence to the Fourth Circuit, which affirmed. [DE 68].

On July 31, 2017, petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255. [DE 84]. He argued that *Johnson v. United States*, 135 S. Ct. 2551 (2015), was applicable to his

conviction under Section 924(c). [DE 84, p. 4]. In response, the government filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted. [DE 89].

## DISCUSSION

A Rule 12(b)(6) motion to dismiss must be granted if the pleading fails to allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Rule 12, Rules Governing Section 2255 Proceedings (applying the Federal Rules of Civil Procedure to Section 2255 proceedings). Additionally, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

The government moved to dismiss on the grounds that petitioner's Section 2255 motion was filed outside of the time for filing provided in 28 U.S.C. § 2255(f). A motion under 28 U.S.C. § 2255 must be filed within one year of the latest of four triggering events: (1) the date the judgment of conviction becomes final, (2) the date on which an impediment to making a motion that is created by the government is removed, (3) the date the Supreme Court initially recognizes a right that is made retroactively applicable to cases on collateral review, or (4) the date on which new facts are discovered through the exercise of due diligence to support a claim. 28 U.S.C. § 2255(f)(1)–(4).

Here, the relevant triggering event was the date on which the Supreme Court decided *Johnson v. United States*. That date was June 26, 2015. Petitioner therefore had until June 26, 2016 to bring a *Johnson* claim. But petitioner did not file his Section 2255 motion, alleging that *Johnson* was applicable to his Section 924(c) conviction, until July 17, 2017. Accordingly,

petitioner's motion must be dismissed as untimely.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the above reasons, respondent's motion to dismiss [DE 89] is GRANTED. Petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [DE 84] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this __ day of September, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE